TOWN OF BERLIN *v.* NOBEL INSURANCE COMPANY
(AC 19444)

Spear, Hennessy and Daly, Js.

Argued June 5—officially released September 19, 2000

*E. Timothy Sullivan, Jr.*, with whom was *Anthony V. Zeolla*, for the appellant (plaintiff).

*Kathleen A. St. Onge*, with whom, on the brief, were *John B. Farley* and *Gregory R. Faulkner*, for the appellee (defendant).

*Opinion*

HENNESSY, J. The plaintiff, the town of Berlin, appeals from the judgment of the trial court denying its application for a permanent injunction to prohibit the defendant, the Nobel Insurance Company,[1] from

---

[1] The defendant is the successor in interest to the Atlantic Casualty and Fire Insurance Company, which in 1993 posted performance bonds naming the plaintiff as the obligee and the Lomaglio Construction Company as the principal on a contract between the company and the plaintiff for the construction of a running track at Berlin High School. For purposes of clarity, we refer in this opinion to the Nobel Insurance Company as the defendant.

proceeding to arbitration in connection with a dispute concerning a contract to build a running track at Berlin High School. The plaintiff claims that the court abused its discretion by (1) determining that an arbitration clause was contained in the parties' "takeover agreement," under which the defendant agreed to complete the project, which had been left unfinished by the contractor, and (2) denying the application for a permanent injunction. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. The defendant, an insurance and bonding company, served as the surety for and guaranteed the performance of the Lomaglio Construction Company (Lomaglio), a contractor hired to construct the track at the school. Lomaglio, as the bond principal, provided performance bonds. In 1993, the defendant had posted the bonds, which named the plaintiff as the obligee. After Lomaglio failed to complete the work, the plaintiff, in October, 1993, terminated Lomaglio's contract and looked to the defendant to complete the work. The defendant arranged for completion of the work. The plaintiff and the defendant then entered into a written takeover agreement in November, 1993, in which the defendant agreed to perform "all work and all other obligations of the contract [between the plaintiff and Lomaglio] called for under the said contract [not] presently completed or fulfilled, pursuant to the terms of the existing contract documents." The takeover agreement incorporated by reference the original contract between the plaintiff and Lomaglio.

Lomaglio brought an action against the plaintiff for breach of contract while the defendant completed the work under the contract. Lomaglio never pursued its lawsuit, which was subsequently dismissed for failure to prosecute with due diligence. The defendant eventually completed its obligations under the takeover

agreement in accordance with the terms of the agreement.

The defendant, in June, 1997, commenced arbitration proceedings against the plaintiff before the American Arbitration Association, seeking damages for the plaintiff's alleged wrongful termination of Lomaglio, and its alleged failure to compensate Lomaglio and the defendant for additional work done under the contract. Thereafter, the plaintiff commenced an action against the defendant, seeking a judgment declaring that the disputes with the defendant were not subject to arbitration and a temporary injunction staying the arbitration proceedings pending the outcome of the declaratory judgment action. The court concluded that the takeover agreement contains an arbitration clause because it incorporated the contract between the plaintiff and Lomaglio. The court also denied the plaintiff's application for a permanent injunction. The plaintiff now appeals from that decision.

As a preliminary matter, the plaintiff argues to this court that the defendant has waived its right to arbitration because it is bound by the consequences of Lomaglio's having filed an action against the plaintiff. We disagree.

Although it is true that arbitration is a favored procedure in this jurisdiction, it also is true that an arbitration clause can be waived by the parties or by the one entitled to its benefit. *Waterbury Teachers Assn.* v. *Waterbury*, 164 Conn. 426, 435, 324 A.2d 267 (1973). One may waive a right to arbitration by going to trial without insisting on the arbitration condition. *Batter Building Materials Co.* v. *Kirschner*, 142 Conn. 1, 11, 110 A.2d 464 (1954). The plaintiff contends that when Lomaglio brought the breach of contract action against the plaintiff, it waived its right under the contract to arbitration, and that the defendant now is bound by that waiver

because it incorporated into its takeover agreement by reference the wording of the contract between the plaintiff and Lomaglio.

The takeover agreement between the plaintiff and the defendant required the defendant to "take over and perform, or procure the performance of, all work . . . pursuant to the terms of the existing contract documents." The defendant incorporated by reference the wording of the contract between the plaintiff and Lomaglio. The defendant did not, by doing so, become bound by the consequences of the fact that Lomaglio initiated a civil action against the plaintiff. The takeover agreement between the plaintiff and the defendant is a separate and distinct contract, and there were no actions taken by the defendant that would warrant our concluding that it waived its right to request that the dispute be placed before an arbitrator.

I

The plaintiff claims that the court improperly found that the takeover agreement incorporates the arbitration clause from the contract between the plaintiff and Lomaglio. The plaintiff claims that the takeover agreement with the defendant does not contain a written arbitration clause consistent with the requirement of General Statutes § 52-408.[2] That statute requires that an agreement to settle a dispute by arbitration must be

---

[2] General Statutes § 52-408 provides: "An agreement in any written contract, or in a separate writing executed by the parties to any written contract, to settle by arbitration any controversy thereafter arising out of such contract, or out of the failure or refusal to perform the whole or any part thereof, or a written provision in the articles of association or bylaws of an association or corporation of which both parties are members to arbitrate any controversy which may arise between them in the future, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable and enforceable, except when there exists sufficient cause at law or in equity for the avoidance of written contracts generally."

in writing and executed by the parties. The plaintiff points out that the takeover agreement does not specifically mention an arbitration clause, and that the document in which the arbitration clause is specifically mentioned was not executed by the plaintiff and the defendant, but instead by the plaintiff and Lomaglio.

"[W]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Internal quotation marks omitted.) *Gateway Co.* v. *DiNoia*, 232 Conn. 223, 229, 654 A.2d 342 (1995). Because a question of law is presented, review of the trial court's ruling is plenary, and this court must determine whether the trial court's conclusions are legally and logically correct, and whether they find support in the facts appearing in the record. Id.

It is undisputed that article 4.5.1 of the contract between the plaintiff and Lomaglio contains a written agreement to arbitrate. The contract provides: "Any controversy or claim arising out of or related to the contract, or the breach thereof, shall be settled by arbitration in accordance with the construction industry arbitration rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof . . . ." It also is undisputed that the takeover agreement entered into by the plaintiff and the defendant contains language incorporating the contract between the plaintiff and Lomaglio. The takeover agreement provides: "The surety undertakes and agrees to take over and perform, or procure the performance of, all work and all other obligations of the contract called for under the said contract [not] presently completed or fulfilled, pursuant to the terms of the existing contract documents. (A copy of said contract, all general conditions, supplementary conditions, plans and specifications, and all other contract documents

are incorporated herein by reference as if set out at length.)"

"Where . . . the signatories execute a contract which refers to another instrument in such a manner as to establish that they intended to make the terms and conditions of that other instrument a part of their understanding, the two may be interpreted together as the agreement of the parties. . . . The intention of the parties to a contract is to be determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. The question is not what intention existed in the minds of the parties but what intention is expressed in the language used." (Citations omitted; internal quotation marks omitted.) *E & F Construction Co., Inc.* v. *Rissil Construction Associates, Inc.*, 181 Conn. 317, 319–20, 435 A.2d 343 (1980); see also *Batter Building Materials Co.* v. *Kirschner*, supra, 142 Conn. 7–8.

We conclude that the written agreement between the defendant and the plaintiff contains, by reference, a written arbitration clause consistent with the requirement of § 52-408. The takeover agreement plainly and unambiguously states that the defendant understood that it would perform the contract originally entered into by the plaintiff and Lomaglio "pursuant to the terms of the existing contract documents." Moreover, the takeover agreement explicitly states, "A copy of said contract, all general conditions, supplementary conditions, plans and specifications and all other contract documents *are incorporated herein by reference as if set out at length.*" (Emphasis added.) Accordingly, we conclude that the court properly found that the takeover agreement incorporated the arbitration clause from the contract between the plaintiff and Lomaglio.

## II

The plaintiff claims finally that the court improperly denied its application for a permanent injunction because without the injunction, the plaintiff will suffer irreparable harm, will be forced to arbitrate issues that it has not agreed to arbitrate and will have no adequate remedy at law. We disagree.

Our Supreme Court has set forth the governing principles for our standard of review as it pertains to a trial court's discretion to grant or deny an application for an injunction. " 'A party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law. . . . A prayer for injunctive relief is addressed to the sound discretion of the court and the court's ruling can be reviewed only for the purpose of determining whether the decision was based on an erroneous statement of law or an abuse of discretion.' . . . *Walton* v. *New Hartford*, 223 Conn. 155, 165, 612 A.2d 1153 (1992). Therefore, unless the trial court has abused its discretion, or failed to exercise its discretion; *Wehrhane* v. *Peyton*, 134 Conn. 486, 498, 58 A.2d 698 (1948); the trial court's decision must stand." *Advest, Inc.* v. *Wachtel*, 235 Conn. 559, 562–63, 668 A.2d 367 (1995).

The plaintiff cites *White* v. *Kampner*, 229 Conn. 465, 476, 641 A.2d 1381 (1994), and *Policemen's & Firemen's Retirement Board* v. *Sullivan*, 173 Conn. 1, 6–8, 376 A.2d 399 (1977), for the proposition that it has a right to refuse to submit to arbitration and to compel a judicial determination of arbitral authority. In the case at hand, however, a judicial determination has been made: The parties have executed a contract in writing that contains an arbitration clause. A court of law has reviewed the contract between the parties and found that it clearly provides for arbitration. We conclude that the court did not base its decision on an erroneous statement of

the law nor did it abuse its discretion in denying the application for a permanent injunction.

The judgment is affirmed.

In this opinion the other judges concurred.