# FREDERICK W. DETAR *v.* COAST VENTURE XXVX, INC.
## (AC 22189)

Foti, Schaller and West, Js.

Submitted on briefs September 16—officially released December 24, 2002

*Thomas V. Battaglia, Jr.*, filed a brief for the appellant (defendant).

*Bernard Green* filed a brief for the appellee (plaintiff).

SCHALLER, J. The defendant, Coast Venture XXVX, Inc., appeals from the judgment, rendered after a trial to the court, in favor of the plaintiff, Frederick W. Detar. On appeal, the defendant claims that the court (1) improperly concluded that the liquidated damages clause of the underlying contract was inapplicable under the circumstances of this case and (2) incorrectly calculated the damages it awarded to the plaintiff. We agree and reverse, in part, the judgment of the court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. In July, 1995, the plaintiff and the defendant entered into a contract for the purchase and sale of a condominium in Stratford for $165,000. At that time, the plaintiff paid $1650 for a binder on the property and an additional $16,500 as a deposit. Subsequent to signing the contract, the plaintiff obtained a mortgage commitment and paid a mortgage commitment fee of $1485.

The parties established December 31, 1995, as the original closing date. The defendant requested and the plaintiff agreed to postpone the closing date until January 31, 1996. The closing date was delayed several additional times, during which period the plaintiff's original mortgage commitment expired, requiring the plaintiff to pay an additional $1485 fee for a new mortgage commitment. In October, 1996, the plaintiff received a letter from the defendant's representative, indicating that the defendant was terminating the sale contract and would not convey title to the plaintiff.

The plaintiff initiated this action in February, 1997, and the case was tried before an attorney trial referee (referee). The referee found that the defendant had breached the sale contract and awarded the plaintiff damages totaling $67,313. The defendant objected to the

referee's findings, and the court subsequently rejected those findings and ordered a new trial.

The parties stipulated that the testimony and exhibits presented in the trial before the referee would constitute the evidence before the court. In its memorandum of decision, the court found that the liquidated damages provision of the sale contract was inapplicable to the facts of this case. The court further found that the defendant had breached the contract and awarded the plaintiff damages in the amount of $41,970 together with interest at a rate of 10 percent per year from the date of the breach. The award of damages included $16,500 for the amount the plaintiff paid as the deposit, $2970 for the amount the plaintiff paid as the two mortgage commitment fees and $22,500 for the amount the plaintiff lost as a result of having to sell his residence to satisfy his mortgage commitment. This appeal followed.

I

The defendant first claims that the court improperly found that the liquidated damages provision of the underlying contract was inapplicable under the circumstances of the present case. We agree.

The following additional facts are relevant to the defendant's claim. The sale contract between the parties included a liquidated damages clause, which provided in relevant part: "If the SELLER for any reason whatsoever, including construction delays, shall fail or be unable to convey title or perform its obligations hereunder, the sole and exclusive liability that SELLER shall have as a result of such default shall be to refund to PURCHASER all monies paid hereunder together with liquidated damages in the amount of $1,000 and the recovery of such monies and liquidated damage amount shall be the sole and exclusive remedy of the PURCHASER for such default. PURCHASER hereby covenants and agrees that he will not commence any

legal and/or equitable action in the event of such a default by SELLER beyond that to seek the recovery of such monies and liquidated damage amount."

The court construed the liquidated damages clause as applying only if the defendant were unable to perform the contract and not if the defendant were unwilling to perform it. The court found that the defendant was unwilling to perform the contract for personal reasons and therefore ruled that the liquidated damages clause did not apply to the defendant's breach.

The defendant argues that the court should have found the liquidated damages clause applicable even though it found that the defendant had breached the contract because of its unwillingness to perform. The plaintiff argues, however, that the court properly ruled that the clause did not apply. The plaintiff states that the clause clearly "does not provide for liquidated damages where the termination of the contract was wilful, flagrant and for no proper reason . . . ."

The defendant's claim raises an issue of contract interpretation, for which our standard of review is well established. "[W]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law. . . . Because a question of law is presented, review of the trial court's ruling is plenary, and this court must determine whether the trial court's conclusions are legally and logically correct, and whether they find support in the facts appearing in the record." (Citation omitted; internal quotation marks omitted.) *Berlin* v. *Nobel Ins. Co.*, 60 Conn. App. 56, 61, 758 A.2d 436 (2000).

"[T]he intent of the parties [to a contract] is to be ascertained by a fair and reasonable construction of the written words and . . . the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject

matter of the contract. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity . . . ." (Internal quotation marks omitted.) *Tallmadge Bros., Inc.* v. *Iroquois Gas Transmission System, L.P.*, 252 Conn. 479, 498, 746 A.2d 1277 (2000). "[C]ourts do not unmake bargains unwisely made. Absent other infirmities, bargains moved on calculated considerations, and whether provident or improvident, are entitled nevertheless to sanctions of the law. . . . Although parties might prefer to have the court decide the plain effect of their contract contrary to the agreement, it is not within its power to make a new and different agreement . . . ." (Internal quotation marks omitted.) Id., 505–506.

We conclude that the court's interpretation of the liquidated damages clause conflicts with its unambiguous and unequivocal language. The liquidated damages clause plainly states that it applies if the defendant "*for any reason whatsoever*, including construction delays, *shall fail* or be unable *to convey title or perform its obligations*" under the contract. (Emphasis added.) Nowhere does the contract limit the liquidated damages provision as the court concluded. Accordingly, the court improperly held that the provision was applicable only in those cases in which the defendant was unable, rather than unwilling, to perform the contract.

## II

The defendant next claims that the court improperly calculated the damages it awarded to the plaintiff. We agree.

As stated in part I, the court improperly found that the liquidated damages clause of the sale contract was inapplicable. The unambiguous language of that clause provides that the damages recoverable for the defen-

dant's breach are limited to the return of any money already paid, plus $1000 in liquidated damages. The court, in awarding the plaintiff damages totaling $41,970, exceeded the terms agreed on by the parties in their contract. Accordingly, the court improperly calculated the damages.

The judgment is reversed only as to the award of damages and the case is remanded with direction to calculate the award of damages in accordance with the liquidated damages provision of the parties' contract.

In this opinion the other judges concurred.