## STATE OF CONNECTICUT *v.* SCOTT WINER
### (AC 22091)

Foti, Dranginis and Bishop, Js.

Argued January 6, 2003—officially released March 11, 2003

*Louis S. Avitabile*, special public defender, for the appellant (defendant).

*James M. Ralls*, assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Ronald Dearstyne*, assistant state's attorney, for the appellee (state).

*Opinion*

BISHOP, J. The defendant, Scott Winer, appeals from the judgment of the trial court revoking his probation and sentencing him to a period of incarceration. On appeal, he claims that the trial court improperly (1) denied his postsentence motion to vacate the underlying judgments of conviction and to withdraw his pleas of nolo contendere because they were involuntary, unknowing and unconstitutional, (2) found that he had violated the terms of his probation and (3) revoked his probation and committed him to the commissioner of corrections. We affirm the judgment of the trial court.

The factual background of this case is set forth in *State* v. *Winer*, 69 Conn. App. 738, 740–41, 796 A.2d 491, cert. denied, 261 Conn. 909, 806 A.2d 50 (2002). "The defendant was arrested for a series of acts of sexual misconduct that occurred between July, 1995, and March, 1997, involving three different males under the age of sixteen. On January 5, 1998, the defendant, who was represented by counsel, entered three nolo contendere pleas to the charges of risk of injury to a child. In exchange for entering the pleas, the trial court

agreed that the maximum sentence of incarceration that it would impose on the defendant would be two years. The defendant was informed during the canvass that if the sentence exceeded two years, he could withdraw the pleas. The defendant, however, was specifically informed that the sentence could include a suspended term of thirty years. Sentencing was postponed until the court received the presentence report and an alternative incarceration plan. On March 26, 1998, the defendant was sentenced to eight years of incarceration, execution suspended after two years, and was placed on probation with special conditions for a period of five years.

"On September 27, 1999, the defendant filed a motion seeking to vacate the judgments and to withdraw his pleas of nolo contendere. During a hearing on the motion, the defendant claimed that he should be permitted to withdraw his pleas and to plead anew because they were not made knowingly and intelligently. The trial court denied the motion, and the defendant appealed.

"The defendant was released from custody on March 24, 2000, and his five year probation commenced. On March 27, 2000, the defendant reported to the office of adult probation and informed his probation officer that he would be residing in Massachusetts. The defendant was told that this would be a violation of his probation and that he could not leave the state until he received formal permission. The commonwealth of Massachusetts subsequently denied the defendant's request for an interstate compact transfer. On March 28, 2000, the defendant failed to report to a scheduled meeting with his probation officer and, on March 29, 2000, he failed to contact the office of adult probation, as was required." Id. He also failed to contact the sex offender registry to verify his address after being advised to do so. "A warrant was issued for the defendant's arrest

for violating the terms of his probation, and he was arrested on April 3, 2000. The defendant is currently incarcerated as a result of violating his probation." Id., 741. Additional facts will be set forth as necessary.

## I

The defendant first claims that the court improperly denied his postsentence motion to vacate the judgments and to withdraw his pleas of nolo contendere because they were involuntary, unknowing and unconstitutional. The short answer to this claim is that it has already been decided in *State* v. *Winer,* supra, 69 Conn. App. 742–53. We will not review that claim again.

## II

The defendant next claims that the court improperly found that he had violated the terms of his probation. We disagree.

"A revocation of probation hearing has two distinct components and two purposes. A factual determination by a trial court as to whether a probationer has violated a condition of probation must first be made. If a violation is found, a court must next determine whether probation should be revoked because the beneficial aspects of probation are no longer being served. . . .

"A trial court initially makes a factual determination of whether a condition of probation has been violated. In making its factual determination, the trial court is entitled to draw reasonable and logical inferences from the evidence. . . . Our review is limited to whether such a finding was clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must

be given in favor of the trial court's ruling." (Internal quotation marks omitted.) *State* v. *Waskiewicz*, 68 Conn. App. 367, 369–70, 789 A.2d 1164 (2002).

The record supports the court's finding that the defendant violated the conditions of his probation requiring him to register as a sex offender three days after release, to keep his probation officer informed of his whereabouts and to give such officer immediate notice of any change of address. The court heard evidence that the defendant failed to report, on March 28, 2000, to a scheduled meeting with his probation officer, and that on March 29, 2000, he failed to contact the office of adult probation to inform the officer of his whereabouts, as was required by the conditions of his probation. Given those instances of noncompliance, the trial court's finding that the defendant violated the terms of his probation was not clearly erroneous.

### III

We next must turn to the defendant's last claim that the court improperly revoked his probation and committed him to the custody of the commissioner of correction. We disagree.

The following facts are necessary for the resolution of the defendant's claim. After the defendant was released from custody in March, 2000, his probation commenced. Once the court found, at the revocation of probation hearing, that the defendant had violated the conditions of his probation, the court next proceeded to the sentencing phase of the hearing. It then determined that the defendant's probation should be revoked because the beneficial aspects of probation were no longer being served. The court thereby imposed the remaining six - years of the defendant's sentence.

In reviewing the defendant's claim, we note that the "standard of review of the trial court's decision at the

sentencing phase of the revocation of probation hearing is whether the trial court exercised its discretion properly by reinstating the original sentence and ordering incarceration. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Citations omitted; internal quotation marks omitted.) Id., 370.

Once the court proceeded to the dispositional phase of the hearing, it found that the beneficial purposes of the defendant's probation no longer were being served because he had not "made a reasonable attempt to alter [his] lifestyle, to be in compliance with the conditions of probation." Additionally, the court found that the defendant was manipulative and that he interpreted directions given to him by his probation officer in a manner that suited him instead of complying with instructions. The court's determination to impose the remainder of the defendant's sentence, under those circumstances, was an appropriate exercise of judicial discretion.

The judgment is affirmed.

In this opinion the other judges concurred.