# FREDERICK W. DETAR *v.* COAST VENTURE XXVX, INC.
## (AC 25562)

Flynn, McLachlan and Berdon, Js.

Argued June 1—officially released September 6, 2005

*Thomas V. Battaglia, Jr.,* for the appellant (defendant).

*Joel Z. Green,* with whom, on the brief was *Jeffrey W. Keim,* for the appellee (plaintiff).

*Opinion*

McLACHLAN, J. This case returns to us following a remand to the trial court. In this appeal, the defendant, Coast Venture XXVX, Inc., claims that the court (1) failed to award damages in conformity with the instructions of this court on remand and (2) improperly awarded prejudgment interest. We affirm the judgment of the trial court.

In July, 1995, the plaintiff and the defendant entered into a contract for the purchase and sale of a condominium in Stratford for $165,000. See *Detar* v. *Coast Venture XXVX, Inc.,* 74 Conn. App. 319, 320, 811 A.2d 273 (2002). The plaintiff paid $1650 for a binder on the property and the balance of a $16,500 deposit. Id. The sale contract between the parties included a liquidated damages clause, which provided in relevant part: "If the SELLER for any reason whatsoever, including construction delays, shall fail or be unable to convey title or perform its obligations hereunder, the sole and exclusive liability that SELLER shall have as a result of such default shall be to refund to PURCHASER all monies paid hereunder together with liquidated damages in the amount of $1,000 and the recovery of such monies and liquidated damage amount shall be the sole and exclusive remedy of the PURCHASER for such default. PURCHASER hereby covenants and agrees that he will not commence any legal and/or equitable action in the event of such

a default by SELLER beyond that to seek the recovery of such monies and liquidated damage amount." (Internal quotation marks omitted.) Id., 321–22. The parties established December 31, 1995, as the original closing date. Id., 320. Subsequently, the defendant requested and the plaintiff agreed to postpone the closing date until January 31, 1996. Id. The closing date was delayed several additional times. Id. In October, 1996, the plaintiff received a letter from the defendant's representative, indicating that the defendant was terminating the sale contract and would not convey title to the plaintiff. Id.

The plaintiff initiated this action in February, 1997. Id. The court found that the liquidated damages provision of the sale contract was inapplicable to the facts of this case. Id., 321. The court further found that the defendant had breached the contract and awarded the plaintiff damages in the amount of $41,970, together with prejudgment interest at a rate of 10 percent per annum from the date of the breach. Id. The award of damages included $16,500 for the amount the plaintiff paid as the deposit, $2970 for the amount the plaintiff paid as the two mortgage commitment fees and $22,500 for the amount the plaintiff lost as a result of having to sell his residence to satisfy his mortgage commitment. Id. The defendant appealed, challenging the damages award, but did not challenge the award of interest. This court reversed the judgment in part and remanded the case to the trial court. The rescript stated: "The judgment is reversed only as to the award of damages and the case is remanded with direction to calculate the award of damages in accordance with the liquidated damages provision of the parties' contract." Id., 324. On remand, the court awarded the plaintiff his initial deposit of $16,500 plus $1000 in liquidated damages. The court also awarded $13,136 prejudgment interest

pursuant to General Statutes § 37-3a.[1] This appeal followed.

We address both of the defendant's claims together as they are closely related. The defendant claims that because the court awarded the plaintiff prejudgment interest, it did not award damages in conformity with this court's remand order. This court must determine whether the defendant waived its right to challenge prejudgment interest in this second appeal and whether that award becomes the law of the case. These are questions of law that merit plenary review.

It is well established that when a party brings a subsequent appeal, it cannot raise questions which were or could have been answered in its former appeals. See *Hartford National Bank & Trust Co.* v. *Tucker*, 195 Conn. 218, 222, 487 A.2d 528, cert. denied, 474 U.S. 845, 106 S. Ct. 135, 88 L. Ed. 2d 111 (1985). Failure to raise an issue in an initial appeal to this court constitutes a waiver of the right to bring the claim. *Hryniewicz* v. *Wilson*, 51 Conn. App. 440, 446, 722 A.2d 288 (1999). In the trial court's first decision, it awarded the plaintiff prejudgment interest at the rate of 10 percent per year from the date of the breach of contract on October 28, 1996. The defendant failed to challenge that award of prejudgment interest in its first appeal, thereby waiving its right to challenge it in this appeal.

[1] General Statutes § 37-3a provides: "Except as provided in sections 37-3b, 37-3c and 52-192a, interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions or arbitration proceedings under chapter 909, including actions to recover money loaned at a greater rate, as damages for the detention of money after it becomes payable. Judgment may be given for the recovery of taxes assessed and paid upon the loan, and the insurance upon the estate mortgaged to secure the loan, whenever the borrower has agreed in writing to pay such taxes or insurance or both. Whenever the maker of any contract is a resident of another state or the mortgage security is located in another state, any obligee or holder of such contract, residing in this state, may lawfully recover any agreed rate of interest or damages on such contract until it is fully performed, not exceeding the legal rate of interest in the state where such contract purports to have been made or such mortgage security is located."

Furthermore, the court, on remand, was bound by the law of the case doctrine. "Underlying the law of the case doctrine is the view that [a] judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge. . . . The doctrine provides that [w]here a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." (Citation omitted; internal quotation marks omitted.) *Wasko* v. *Manella*, 87 Conn. App. 390, 395, 865 A.2d 1223 (2005). Intervening appellate proceedings, however, change the nature of this seemingly discretionary doctrine. "[I]t is a well-recognized principle of law that the opinion of an appellate court, so far as it is applicable, establishes the law of the case upon a retrial, and is equally obligatory upon the parties to the action and upon the trial court." *Dacey* v. *Connecticut Bar Assn.*, 184 Conn. 21, 23, 441 A.2d 49 (1981). Here, although the court awarded prejudgment interest, the defendant did not address it in the first appeal. This court, therefore, reversed the judgment only as to the award of damages,[2] thereby leaving in place the award of prejudgment interest.[3] Thus, the award of prejudgment interest became the law of the case, binding on the trial court on remand. See *Gagne* v. *Vaccaro*, 80 Conn. App. 436, 449, 835 A.2d 491 (2003), cert. denied, 268 Conn. 920, 846 A.2d 881 (2004). The court, therefore, conformed to the instructions of this court on remand, and it was proper for the court to award prejudgment interest.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] See *Detar* v. *Coast Venture XXVX, Inc.*, supra, 74 Conn. App. 324.

[3] The award of damages is separate and distinct from the award of judgment interest on those damages. See *Gagne* v. *Vaccaro*, 80 Conn. App. 436, 451, 835 A.2d 491 (2003), cert. denied, 268 Conn. 920, 846 A.2d 881 (2004).