# MARIA FERNANDES *v.* EYVIND RODRIGUEZ ET AL.
## (AC 27848)

Flynn, C. J., and Rogers and Stoughton, Js.

Argued January 9—officially released April 24, 2007

*Eyvind Rodriguez*, pro se, the appellant (named defendant).

*Albert A. Lochiatto*, for the appellee (plaintiff).

*Opinion*

STOUGHTON, J. The defendant Eyvind Rodriguez[1] appeals from the trial court's judgment distributing the proceeds from a sale of real property he formerly held in joint tenancy with the plaintiff, Maria Fernandes. The defendant claims that the court used a legally insufficient method to distribute the proceeds of the sale. We conclude that the defendant, having fully argued this issue in a previous appeal to this court, is now precluded from raising the issue again.

This case initially arose over a dispute concerning the partition of real property, formerly owned in joint

---

[1] G.E. Capital Mortgage Services, Inc., which had been named as a defendant, is not involved in this appeal. We therefore refer in this opinion to Rodriguez as the defendant.

tenancy by the plaintiff and the defendant.[2] Only the procedural history relevant to this appeal will be set forth. In 2000, our Supreme Court reviewed one of the defendant's prior appeals and reversed a judgment of this court with direction to remand the case to the trial court for a new trial. *Fernandes* v. *Rodriguez*, 255 Conn. 47, 60, 761 A.2d 1283 (2000), on appeal after remand, 90 Conn. App. 601, 879 A.2d 897, cert. denied, 275 Conn. 927, 883 A.2d 1243 (2005), cert. denied, 547 U.S. 1027, 126 S. Ct. 1585, 164 L. Ed. 2d 312 (2006). On November 4, 2003, the trial court, after a trial following the remand, ordered a sale of the property and determined that the most equitable distribution of the proceeds of that sale would be 95 percent to the plaintiff and 5 percent to the defendant. After the judgment entered following the second trial, both parties appealed to this court; argument was heard in 2005. *Fernandes* v. *Rodriguez*, 90 Conn. App. 601, 879 A.2d 897, cert. denied, 275 Conn. 927, 883 A.2d 1243 (2005), cert. denied, 547 U.S. 1027, 126 S. Ct. 1585, 164 L. Ed. 2d 312 (2006).

In the 2005 appeal, the defendant claimed, among other things, that the court used an insufficient method in determining the appropriate distribution of the proceeds of the partition sale. Id., 609. Specifically, the defendant asked this court to decide: "Whether the trial court properly determined that the plaintiff's equitable interest in the property was 95 percent while the defendant's equitable interest in the property was only 5 percent." In support of his claim that the trial court was in error, the defendant argued that the trial court used an improper method to determine the equitable distribution. This court reviewed the equitable distribution made by the trial court and concluded that "the

---

[2] For the facts of the underlying dispute, see *Fernandes* v. *Rodriguez*, 255 Conn. 47, 49–52, 761 A.2d 1283 (2000), on appeal after remand, 90 Conn. App. 601, 879 A.2d 897, cert. denied, 275 Conn. 927, 883 A.2d 1243 (2005), cert. denied, 547 U.S. 1027, 126 S. Ct. 1585, 164 L. Ed. 2d 312 (2006).

court did not abuse its discretion in finding the equitable interests of the plaintiff and the defendant as it did." *Fernandes* v. *Rodriguez,* supra, 90 Conn. App. 612. The defendant also argued that the trial court neglected to distribute the proceeds of a check issued by the parties' insurance company. The plaintiff, in a cross appeal, argued, among other things, that the court incorrectly determined a part of the award related to rental income from apartments located on the property. We agreed with both of these claims and remanded the case to the trial court for the limited purpose of addressing these two issues.[3] The defendant sought certification from our Supreme Court to appeal the issue of the trial court's equitable distribution of the proceeds of the sale and our affirmance of that distribution, which was denied. *Fernandes* v. *Rodriguez,* 275 Conn. 927, 883 A.2d 1243 (2005), cert. denied, 547 U.S. 1027, 126 S. Ct. 1585, 164 L. Ed. 2d 312 (2006).

Pursuant to this court's 2005 remand order, the trial court issued a memorandum of decision on March 22, 2006, distributing the proceeds of the insurance check, adjusting the defendant's award with regard to the rents to conform with this court's direction and distributing the proceeds of the sale in conformance with the

---

[3] Specifically, this court stated in the rescript: "On the defendant's appeal, the judgment is reversed as to the trial court's order to distribute the proceeds of the $1895.32 insurance check. The case is remanded with direction to order the distribution of those proceeds in accordance with the parties' equitable interests.

"On the plaintiff's cross appeal, the judgment is reversed as to the award to the defendant of one half of the fair rental value of the first floor apartment and the failure to deduct from the defendant's portion of the total proceeds his equitable portion of the net loss incurred by the plaintiff relative to the second and third floor apartments. The case is remanded with direction to apportion the rental value of the first floor apartment in accordance with the parties' equitable interests and to deduct from the defendant's total portion of the proceeds his share of the net loss relative to the second and third floor apartments. The judgment is affirmed in all other respects." *Fernandes* v. *Rodriguez,* supra, 90 Conn. App. 625.

November 4, 2003 judgment. The defendant now appeals the equitable distribution determination again, raising the issue of whether the court properly distributed the proceeds of the sale.

At oral argument, the defendant conceded that he "did fully litigate this issue previously." He argues, however, that he should be allowed to relitigate the issue because the 2005 opinion did not determine the issue, or, in the alternative, the 2005 opinion upholding the trial court's distribution of the sale proceeds violated our Supreme Court's 2000 remand order. The defendant has not challenged any of the specific determinations made by the trial court on March 22, 2006.

"It is well established that when a party brings a subsequent appeal, it cannot raise questions which were or could have been answered in its former appeals. . . . Furthermore, the court, on remand, [is] bound by the law of the case doctrine. . . . [I]t is a well-recognized principle of law that the opinion of an appellate court, so far as it is applicable, establishes the law of the case upon a retrial, and is equally obligatory upon the parties to the action and upon the trial court." (Citations omitted; internal quotation marks omitted.) *Detar* v. *Coast Venture XXVX, Inc.*, 91 Conn. App. 263, 266–67, 880 A.2d 180 (2005).

Here, the challenged method the trial court used to distribute the proceeds of the sale equitably was not selected on March 22, 2006, the judgment from which the defendant currently appeals. The court, on March 22, 2006, distributed the proceeds from the sale in a manner consistent with the 95 percent, 5 percent equitable distribution previously approved by this court and consistent with this court's 2005 remand order. Rather, the 95 percent, 5 percent distribution was determined on November 4, 2003. The defendant has previously appealed from the November 4, 2003 judgment and

argued that the court used an insufficient method to determine the appropriate equitable distribution of the partition sale proceeds. In 2005, this court reviewed the method the trial court used to determine the equitable distribution of the property; *Fernandes* v. *Rodriguez*, supra, 90 Conn. App. 611–12; and concluded that "the court did not abuse its discretion in finding the equitable interests of the plaintiff and the defendant as it did." Id., 612. We conclude that the 2005 opinion did determine the issue of the whether the court could equitably distribute the proceeds as it did.

The defendant also argues that the 2005 opinion, affirming the trial court's equitable distribution determination, violated the remand order in our Supreme Court's 2000 opinion.

If the defendant believed that this court in its 2005 opinion had committed legal error in reaching its conclusion, he had the opportunity to file a motion for reconsideration or a motion for reconsideration en banc pursuant to Practice Book § 71-5; see, e.g., *Rosato* v. *Rosato*, 53 Conn. App. 387, 389, 731 A.2d 232 (1999). The record does not reveal that he availed himself of this opportunity. He also had the opportunity to seek certification from our Supreme Court to appeal the issue pursuant to Practice Book §§ 84-1 through 84-12. Although the defendant did seek such review, our Supreme Court denied the request. When our Supreme Court denied certification to review the 2005 opinion, the judgment of that opinion became the settled law of this case, and the defendant may not now seek further review from this court of matters previously settled.

The judgment is affirmed.

In this opinion the other judges concurred.