LAMONT THERGOOD *v.* COMMISSIONER
OF CORRECTION
(AC 28005)

Harper, Robinson and Foti, Js.

Argued April 29—officially released August 12, 2008

*Kent Drager*, senior assistant public defender, for the appellant (petitioner).

*Frederick W. Fawcett*, supervisory assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Gerard P. Eisenman*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

ROBINSON, J. The petitioner, Lamont Thergood, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, he claims that the court improperly determined that he had failed to demonstrate that he had been prejudiced by his counsel's failure to challenge adequately the state's contention that he knowingly and intelligently waived his rights pursuant to *Miranda* v. *Arizona*, 384

U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). We affirm the judgment of the habeas court.

The petitioner was convicted, following a jury trial, of murder in violation of General Statutes § 53a-54a (a).[1] He was sentenced to a total effective term of fifty years incarceration. The petitioner appealed to this court. The following relevant facts were set forth in *State* v. *Thergood*, 75 Conn. App. 527, 816 A.2d 665, cert. denied, 263 Conn. 917, 821 A.2d 771 (2003). "Prior to trial, the [petitioner] filed a motion to suppress several of his statements, including the confession. The court held a hearing on the motion on October 23, 2000, at which Detectives Heitor Teixeira and Erno Nandori of the Bridgeport police department testified. Teixeira's and Nandori's testimony at the suppression hearing revealed [that the] detectives held the [petitioner] in custody and interrogated him before advising him of his *Miranda* rights. See *Miranda* v. *Arizona*, [supra, 384 U.S. 436]. . . . Teixeira and Nandori reviewed with the [petitioner] the form used by the Bridgeport police for the waiver of *Miranda* rights. The form, which was admitted into evidence at the hearing, bears the handwritten initials LT next to each of the five numbered *Miranda* warnings. The [petitioner's] full signature appears directly beneath a statement waiving his *Miranda* rights. After completing the form, the [petitioner] indicated to the detectives that he wanted to make a statement. The detectives asked the [petitioner] questions, and Nandori typed both the questions and the [petitioner's] oral responses on a computer. In the statement, the [petitioner] admitted responsibility for the shooting on Knowlton Street.

"The court concluded that the [petitioner's] confession was voluntary under the totality of the circumstances and, accordingly, denied [his] motion to

---

[1] General Statutes § 53a-54a (a) provides in relevant part: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person . . . ."

suppress. At trial . . . the [petitioner] orally renewed his motion to suppress the confession on the ground of involuntariness. The court stated that the time line in and of itself . . . does give one pause, but nevertheless denied the renewed motion, concluding that the confession was voluntary under the totality of the circumstances. The confession was then admitted into evidence. The jury found the [petitioner] guilty of murder, and the court rendered judgment accordingly." (Internal quotation marks omitted.) *State* v. *Thergood,* supra, 75 Conn. App. 529–30.

The petitioner claimed on direct appeal that "the use of his signed confession at trial violated his constitutional right to due process because the confession was made involuntarily. Specifically, [he] argue[d] that his confession should have been suppressed as having been made involuntarily because the police subjected him to two hours of continuous custodial interrogation prior to advising him of his *Miranda* rights. . . . [T]hat action by the police, when combined with what he terms his 'subnormal mentality' and his unfamiliarity with the judicial system, overbore his capacity to exercise his constitutional rights, thus rendering his subsequent confession as having been made involuntarily." Id., 531. This court affirmed the petitioner's conviction after concluding that the state had demonstrated, beyond a reasonable doubt, that the confession did not contribute to the petitioner's conviction. Id., 533.

Thereafter, the petitioner filed a petition for a writ of habeas corpus, in which he alleged that he was deprived of the effective representation of trial defense counsel. Specifically, the petitioner claimed that his trial counsel failed to challenge adequately the state's contention that he knowingly and intelligently waived his *Miranda* rights. The petition came before the habeas court on April 27, 2006. After hearing testimony from the petitioner's trial counsel, a psychologist retained

by trial counsel and a forensic psychiatrist retained by appellate counsel and admitting into evidence the police incident reports and the petitioner's written statements, the court denied the petition. The court granted the petition for certification to appeal. This appeal followed.

"A criminal defendant's right to the effective assistance of counsel extends through the first appeal of right and is guaranteed by the sixth and fourteenth amendments to the United States constitution and by article first, § 8, of the Connecticut constitution. . . . To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged test articulated in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Strickland* requires that a petitioner satisfy both a performance prong and a prejudice prong. To satisfy the performance prong, a claimant must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . The claim will succeed only if both prongs are satisfied." (Citations omitted; internal quotation marks omitted.) *Small* v. *Commissioner of Correction*, 286 Conn. 707, 712–13, 946 A.2d 1203 (2008).

We set forth the standard of review applicable to the petitioner's appeal. "The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony. . . . The application of historical facts to the questions of law that is necessary to determine whether the petitioner has demonstrated prejudice under *Strickland*, however,

is a mixed question of law and fact subject to our plenary review." (Citation omitted; internal quotation marks omitted.) Id., 717.

The petitioner claims that the court improperly determined that he had failed to establish prejudice. He argues that counsel's deficient performance "improperly allowed the jurors to . . . rely upon [his] signed and sworn written confession, and the tainted fruit thereof, in finding [him] guilty of murder even though [the] confession was illegally obtained, involuntary and legally unreliable." We disagree.

In its memorandum of decision, the court determined that trial counsel "should have had the petitioner evaluated as to whether [the petitioner] understood his *Miranda* rights and the implications of waiving them. He then could have offered some proof, in the form of expert testimony or a psychological report, in support of his argument that the petitioner did not knowingly, intelligently or voluntarily waive his *Miranda* rights. A reasonably competent defense attorney would not have failed to challenge the petitioner's confession in such a way."

The court further determined that although counsel's performance was deficient, the petitioner failed to show prejudice as required by *Strickland* v. *Washington*, supra, 466 U.S. 687. In reaching that conclusion, the habeas court relied on this court's conclusion in *State* v. *Thergood*, supra, 75 Conn. App. 533, that "the evidence of the [petitioner's] guilt was overwhelming. Even if the court had suppressed [his] written confession, the jury still would have heard the testimony of two eyewitnesses who positively identified [him] and five police officers who collectively overheard him make statements at four different times indicating his responsibility for the shooting. In light of all of that highly inculpatory evidence . . . the state has carried its burden of demonstrating beyond a reasonable doubt

that the [petitioner's] written confession did not contribute to his conviction [and] any error by the [trial] court in denying [his] motion to suppress the confession was harmless beyond a reasonable doubt." Id.

We emphasize that to satisfy the prejudice prong of the *Strickland* test, "[i]t is not enough for the [petitioner] to show that the errors [made by counsel] had some conceivable effect on the outcome of the proceeding. . . . Rather, [the petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . When a [petitioner] challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt. . . . A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. . . . [A] court making the prejudice inquiry must ask if the [petitioner] has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." (Citations omitted; internal quotation marks omitted.) *Woods* v. *Commissioner of Correction*, 85 Conn. App. 544, 550, 857 A.2d 986, cert. denied, 272 Conn. 903, 863 A.2d 696 (2004). On the basis of our review of the entire record, we conclude that the petitioner has failed to demonstrate that absent his written confession, the jury would have had a reasonable doubt with respect to his guilt.[2] Therefore, the petitioner's claim necessarily must fail.

The judgment is affirmed.

In this opinion the other judges concurred.

[2] The petitioner contends that the habeas court's reliance on *State* v. *Thergood*, supra, 75 Conn. App. 533, was improper. He argues for the first time that but for counsel's failure to offer evidence showing the petitioner's inability to waive his *Miranda* rights knowingly and voluntarily, all of the statements that he made at the police station and during lockup would have been suppressed along with his written confession. He further argues that necessarily, the court's denial of the motion to suppress could not have been harmless, and, therefore, he was prejudiced by his counsel's conduct.

The petitioner urges us to reexamine the legal analysis in *State* v. *Thergood,* supra, 75 Conn. App. 533, in which this court concluded that even if the trial court had granted the motion to suppress the confession, the jury still would have heard the testimony of five police officers who collectively overheard him make statements at four different times, at the police station and during lockup, indicating responsibility for the shooting. The petitioner, however, failed to challenge on direct appeal the admission of any of those statements. See id. He also failed to challenge in his petition for a writ of habeas corpus the conduct of his trial counsel with respect to the admission of those statements.

Additionally, we note that the petitioner failed to provide adequate, relevant legal authority to support his argument that all of his inculpatory statements would have been suppressed had the court granted the motion to suppress his written confession.

Finally, we emphasize that one panel of this court may not, on its own, overrule the decision of another panel. *Boccanfuso* v. *Conner,* 89 Conn. App. 260, 285 n.20, 873 A.2d 208, cert. denied, 275 Conn. 905, 882 A.2d 668 (2005). If the petitioner believed that this court had committed legal error in *State* v. *Thergood,* supra, 75 Conn. App. 527, he had the opportunity to file a motion for reconsideration or a motion for reconsideration en banc pursuant to Practice Book § 71-5. See *Fernandes* v. *Rodriguez,* 100 Conn. App. 703, 708, 919 A.2d 516, cert. denied, 282 Conn. 929, 926 A.2d 665 (2007). The record does not reveal that he availed himself of this opportunity. Therefore, we decline the petitioner's invitation to revisit our analysis in *State* v. *Thergood,* supra, 527.