# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE    )
    )
v.    )    ID No. 2011008215
    )
ALFRED WESCOTT,    )
    )
    Defendant.    )

Submitted: May 19, 2022
Decided: May 23, 2022

***Upon Defendant's Motion for Reargument***

**DENIED**

## MEMORANDUM OPINION AND ORDER

Lindsay Taylor, Deputy Attorney General, Department of Justice, 13 The Circle, Georgetown, DE 19947, Attorney for State of Delaware.

Tasha M. Stevens-Gueh, Esquire, Andrew & Stevens-Gueh, LLC, 115 South Bedford Street, Georgetown, DE 19947, Attorney for Defendant.

**KARSNITZ, R.J.**

On April 7, 2022, I denied a motion by Alfred Wescott ("Movant" or "Westcott") to suppress certain evidence (the "Suppression Motion"). My decision was based in part on the Delaware statutory declaration that nothing in the law decriminalizing possession of less than one ounce of marijuana "shall be construed to repeal or modify any law or procedure regarding search or seizure."[1] On May 16, 2022, Movant filed a letter requesting that I reconsider that ruling. Although the letter is captioned as a Request for Reconsideration of Motion to Suppress, I will treat it as a Motion for Reargument since it asks me to revisit my prior decision on the Suppression Motion.[2] Moreover, "an application to the court for an order shall be by motion,"[3] not by a letter, but I will treat the letter as if it were a Motion for Reargument.

The Superior Court Criminal Rules do not address a Motion for Reargument. The Criminal Rules provide that "[i]n all cases not provided for by rule or administrative order, the court shall regulate its practice in accordance with the applicable Superior Court civil rule."[4] Under the Superior Court Civil Rules, a party must submit a motion for reargument within five days following

---

[1] 16 *Del. C.* § 4764(h).
[2] A motion for reconsideration is the procedural vehicle by which a party may seek a review of a commissioner's ruling by a judge. Super. Ct. Crim. R. 62(a)(4), (b).
[3] Super. Ct. Crim. R. 47.
[4] Super. Ct. Crim. R. 57(d).

the Court's decision.[5] The time allotted for a motion for reargument cannot be extended.[6] If a motion for reargument is untimely, the Court lacks jurisdiction to consider any substantive argument.[7] Movant's Motion for Reargument was filed well beyond five days following my April 7, 2022 decision. Thus, I do not have jurisdiction to consider the Motion for Reargument.

Even if the Motion for Reargument had been timely filed, I would deny it. "A motion for reargument 'will be denied unless the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision.'"[8] "The party seeking reargument has the burden to demonstrate newly discovered evidence, a change in the law, or manifest injustice."[9] Movant has not provided any newly discovered evidence, a change in the law, or shown manifest injustice. Movant argues that a change in federal law should cause me to reconsider my prior ruling. However, the change in federal law occurred well before the Suppression Motion

---

[5] Super. Ct. Civ. R. 59(e).

[6] *Dickens v. State,* 852 A.2d 907, 2004 WL 1535814, at *1 (Del. 2004) (Table).

[7] *Id.* at *2 (citing *Preform Building Components Inc. v. Edwards,* 280 A.2d 697, 698 (Del. 1971)); *Boyer v. State,* 919 A.2d 516, 2007 WL 452300, at *2 (Del. 2007) (Table) (citing *Preform Building Components Inc.,* 280 A.2d at 698).

[8] *Kennedy v. Invacare Corp.,* 2006 WL 488590, at *1 (Del. Super. Ct. Jan. 31, 2006) (quoting *Bd. Of M'grs of the Del. Crim. Just. Info. Sys. v. Gannet Co.,* 2003 WL 1579170, at *1 (Del. Super. Ct. Jan. 17, 2003)).

[9] *State v. Williams,* 2019 WL 248895, at *2 (Del. Super. Ct. Jan. 16, 2019) (citing *Reid v. Hindt,* 2008 WL 2943373, at *1 (Del. Super. July 31, 2008)).

was filed. Movant could have made this argument during the hearing on the Suppression Motion since the federal law relied on in the Motion for Reargument existed at the time of that hearing.

Were I to address the substance of the Motion for Reargument, my decision of April 7, 2022, would still stand. Movant asserts that, based on federal law, the State would have to show that it was able to distinguish the THC concentration of the alleged "shake" as between marijuana and hemp. Movant is essentially trying to posit an innocent explanation for small leaves consistent with marijuana. However, there is no presumption of innocence when determining probable cause.[10] The "possibility that there may be a hypothetically innocent explanation for each of several facts revealed during the course of an investigation does not preclude the determination that probable cause exists."[11] The possibility that the small leaves in the vehicle were hemp rather than marijuana does not vitiate probable cause in this case. There is nothing to suggest the small leaves were not marijuana. Moreover, the officer's training and experience, as well as a positive K-9 alert, certainly suggest that the small leaves were marijuana.[12]

---

[10] *State v. Arnold,* 2006 WL 488619, at *4 (Del. Super. Feb. 17, 2006); *see generally State v. Schleifer,* 2004 WL 343967, at *7 (Del. Super. Feb. 19, 2014).

[11] *State v. Maxwell,* 624 A.2d 926,930 (Del. 1993) (citing *Jarvis v. State,* 600 A.2d 38, 41-42 (Del. 1991)).

[12] *See United State v. Bignon,* 813 F. App'x 34, 37 (2d. Cir. 2020) (finding probable cause existed based on the officer's training, experience, and observations despite defendant claiming substance was hemp and subsequent test results confirmed hemp).

Delaware law has "long recognized that '[p]robable cause is an elusive concept which avoids precise definition . . . It lies somewhere between suspicion and sufficient evidence to convict. "'[13] "[O]bjective facts 'when used by trained law enforcement officers ... can be combined with permissible deductions from such facts to form a legitimate basis for suspicion of a particular person and for action on that suspicion."' [14] "While probable cause is a determination only courts can ultimately make, we give deference to the 'on-the-scene conclusion[s]' of officers. In reviewing these conclusions, we must consider the demands officers face, in which they may 'draw inferences and make deductions ... that might well elude an untrained person."'[15]

The question is not whether the small leaves were marijuana beyond a reasonable doubt, or by a preponderance of the evidence, but rather, whether there was a reasonable basis for the officer to believe, given the totality of the circumstances, with his training and experience, that the small leaves were marijuana. The officer testified at the hearing on the Motion to Suppress about marijuana "shake." Shake is the byproduct of manipulating dried marijuana buds,

---

[13] *Maxwell,* 624 A.2d at 929 (alteration and omission in original) (quoting *Hovington v. State,* 616 A.2d 829,833 (Del. 1992) and citing *State v. Cochran,* 372 A.2d 193, 195 (Del. 1977)).
[14] *Coleman v. State,* 562 A.2d 1171, 1176 (Del. 1989) (omission in original) (quoting *United States v. Cortez,* 449 U.S. 411, 419 (1981)).
[15] *United States v. Fernandez,* 652 F. App'x 110, 113 (3d. Cir. 2016) (alteration and omission in original) (citations omitted); *see also United States v. Jackson,* 682 F. App'x 86 (3d. Cir.2017).

which happens when doing such things as rolling a marijuana cigarette.  In my view, there was probable cause to search Movant's vehicle.

For the reasons stated above, I **DENY** Defendant's Motion for Reargument.

**IT IS SO ORDERED.**

<u>/s/ Craig A. Karsnitz</u>


cc:  Prothonotary