******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

GINSBERG AND GINSBERG, LLC, TRUSTEE OF
THE WIYOT TRUST *v.* ALEXANDRIA
ESTATES, LLC, ET AL.
(AC 35759)

Lavine, Beach and Alvord, Js.

*Argued January 22—officially released April 1, 2014*

(Appeal from Superior Court, judicial district of New
Haven, Abrams, J.)

*Frank J. Kolb, Jr.*, with whom, on the brief, was
*Joseph A. DiSilvestro*, for the appellant (defendant
John Neubig).

*Frank B. Velardi, Jr.*, for the appellee (plaintiff).

*Opinion*

ALVORD, J. The defendant John Neubig[1] appeals from the judgment of strict foreclosure rendered by the trial court in favor of the plaintiff, Ginsberg & Ginsberg, LLC, trustee of the Wiyot Trust, after remand by this court for a determination of priorities. See *Ginsberg & Ginsberg, LLC* v. *Alexandria Estates, LLC*, 136 Conn. App. 511, 48 A.3d 101 (2012). On appeal, the defendant claims that the trial court improperly (1) relied solely on two warranty deeds to support its determination that the plaintiff's mortgage had priority over the defendant's claimed interest in the subject property, (2) "failed to allow" the plaintiff's counsel to testify with respect to the title search he had prepared in connection with the foreclosure action, and (3) "followed an inappropriate directive from the Appellate Court" in the remand order. We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. The plaintiff commenced this action to foreclose an $800,000 mortgage against the mortgagor, Alexandria Estates, LLC (Alexandria Estates), and subsequent encumbrancers. An issue arose between the plaintiff and the defendant over the defendant's claimed entitlement to the payment of $35,000 for each lot that might be developed on the subject property. According to the defendant, his interest was secured by an agreement between him and Dale Construction 01, LLC (Dale Construction), that had been recorded in the land records prior to the recording of the plaintiff's mortgage.[2] The defendant filed a motion to determine priorities, and the trial court concluded that his interest was prior in right to the plaintiff's mortgage. After a judgment of strict foreclosure was rendered, the plaintiff appealed to this court. This court reversed the judgment and remanded the case to the trial court for the purpose of determining lien priorities in accordance with this court's opinion.[3] *Ginsberg & Ginsberg, LLC* v. *Alexandria Estates, LLC*, supra, 136 Conn. App. 517.

At the remand hearing held on August 29, 2012,[4] the trial court first asked counsel to address this court's remand order and their understanding of the scope of the remand hearing. The plaintiff's counsel stated that the trial court had been directed to examine the deed from the defendant to Alexandria Estates, to determine whether the conveyance had been made subject to the agreement between the defendant and Dale Construction. If the conveyance had not been made subject to the agreement, it was the plaintiff's position that its mortgage was prior in right to the defendant's interest, if any, in the subject property. The defendant's counsel responded: "I do not 100 percent agree with the Appellate Court that a review of the deed is going to resolve this whole matter." He urged the trial court to consider prior deeds in the chain of title. The only exhibits submitted as evidence at the remand hearing were the two

deeds to the subject property from the defendant to Alexandria Estates.[5] Neither deed referenced the agreement between the defendant and Dale Construction.

During the remand hearing, the defendant's counsel indicated that he had subpoenaed one of the plaintiff's attorneys, David Babbitz, to appear at the hearing "to testify regarding the title search and steps taken to cure any defects that may have been discovered." In response to the subpoena, the plaintiff filed a motion to quash claiming, inter alia, that the evidence sought was irrelevant and inadmissible with respect to the limited issue to be addressed on remand, and that the defendant's attempts to secure such testimony "jeopardizes the attorney-client privilege Attorney Babbitz holds with the plaintiff and puts Attorney Babbitz in a position where he could violate the Rules of Professional Conduct." The court stated that it would address the motion to quash at a subsequent proceeding if it determined that additional information relative to the title search was appropriate under the remand order.

On September 4, 2012, the court issued the following order: "On August 29, 2012, the court held a hearing on the [motion for determination of priorities] at which evidence was taken. Upon review of the evidence, including the deed between [the defendant] and . . . Alexandria Estates, the court finds no reference to the Neubig-Dale Construction construction agreement. As a result, in accordance with the decision of the Appellate Court, the court finds that plaintiff's mortgage is prior in right to [the defendant's] interest." The defendant filed an appeal from that ruling to this court, which this court dismissed on May 14, 2013. In the notice of dismissal, this court remanded the matter to the trial court "to enter judgment of strict foreclosure in accordance with the determination of priorities." On May 17, 2013, the trial court rendered a judgment of strict foreclosure pursuant to this court's order, and this appeal followed.

I

The defendant's first claim is that the court improperly relied solely on the two deeds submitted as evidence at the remand hearing and disregarded agreements, including the agreement between him and Dale Construction that had been recorded in the land records.[6] The defendant argues that "a title search undertaken by Attorney Babbitz . . . or his designee, clearly showed that the agreements were part of the chain of title and therefore put the plaintiff on notice of the defendant's interest in the property." He claims that the court's determination of priorities could not be undertaken without giving "proper weight" to those agreements. We conclude that the defendant's argument fails because the trial court followed the explicit remand order of this court.

"Well established principles govern further proceedings after a remand by this court. In carrying out a mandate of this court, the trial court is limited to the specific direction of the mandate as interpreted in light of the opinion. . . . This is the guiding principle that the trial court must observe. . . . Compliance means that the direction is not deviated from. . . . It is the duty of the trial court on remand to comply strictly with the mandate of [this] court according to its true intent and meaning. No judgment other than that directed or permitted by the reviewing court may be rendered, even though it may be one that [this] court might have directed. The trial court should examine the mandate and the opinion of the reviewing court and proceed in conformity with the views expressed therein." (Internal quotation marks omitted.) *State* v. *Flanagan*, 147 Conn. App. 262, 282–83, 82 A.3d 1191 (2013), quoting *Lighthouse Landings, Inc.* v. *Connecticut Light & Power Co.*, 300 Conn. 325, 341, 15 A.3d 601 (2011).

This court reversed the previous judgment of the trial court, which held that the defendant's interest in the subject property was prior in right to the plaintiff's mortgage and ordered strict foreclosure in accordance with that determination. This court remanded the case to the trial court "for further proceedings to determine the order of priorities in accordance with this opinion." *Ginsberg & Ginsberg, LLC* v. *Alexandria Estates, LLC*, supra, 136 Conn. App. 517. That opinion clearly focused on the deed from the defendant to Alexandria Estates and, specifically, whether that deed made the conveyance subject to the defendant's claimed interest in the agreement between him and Dale Construction. As this court stated: "Key to making any decision in this case is a review of the deed of conveyance from [the defendant] to Alexandria Estates. If this deed made the conveyance subject to the Neubig-Dale Construction agreement, it bears on the issue as to whether the Neubig agreement is prior to the plaintiff's mortgage. This deed is not in the record before us. We are unable to review this matter without it, and the court could not properly determine priorities without this document." Id., 516–17.

The trial court in this case properly "examine[d] the mandate and the opinion" of this court; (internal quotation marks omitted) *State* v. *Flanagan*, supra, 147 Conn. App. 283; and concluded that it was restricted to reviewing the deed of conveyance from the defendant to Alexandria Estates in determining the priorities of the claimed interests in the subject property. We therefore reject the defendant's claim because he essentially requests that we find the trial court committed reversible error by following the plain language of this court's remand order.

II

The defendant's next claim is that the court "failed to allow" the plaintiff's counsel to testify with respect to the title search he had prepared in connection with the foreclosure action. Discussion of this claim is rendered unnecessary by our resolution of the defendant's first claim, and thus, we do not address it.[7]

### III

The defendant's final claim is that the trial court "followed an inappropriate directive from the Appellate Court in solely taking into account the [w]arranty [d]eed and ignoring the [a]greements, regardless of their inclusion in the deed." The defendant argues that the trial court should not have followed the "incorrect directive" from this court and, instead, should have considered the additional evidence that he wanted to present to show that the plaintiff had knowledge of the defendant's interest in the subject property.

In the present case, our review is governed by this court's previous ruling in *Ginsberg & Ginsberg, LLC* v. *Alexandria Estates, LLC*, supra, 136 Conn. App. 511. "[T]his court follows the well-recognized principle of law that the opinion of an appellate court, so far as it is applicable, establishes the law of the case upon a retrial, and is equally obligatory [on] the parties to the action and [on] the trial court. . . . The rule is that a determination once made will be treated as correct throughout all subsequent stages of the proceeding . . . ." (Internal quotation marks omitted.) *Mariculture Products Ltd.* v. *Certain Underwriters at Lloyd's of London*, 142 Conn. App. 484, 493, 70 A.3d 92, cert. denied, 309 Conn. 911, 69 A.3d 307 (2013). We are bound by this court's precedent[8] and conclude that the trial court properly followed the remand directive in *Ginsberg & Ginsberg, LLC* v. *Alexandria Estates, LLC*, supra, 511.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff filed its foreclosure complaint against several defendants. Subsequently, the plaintiff filed a motion to join John Neubig as a party defendant, which was granted by the court. Because Neubig is the only defendant involved in this appeal, we refer to him as the defendant in this opinion.

[2] The plaintiff claimed that the agreement was outside the chain of title because Dale Construction never owned the subject property. Additionally, the plaintiff claimed that the agreement was personal and did not run with the land. *Ginsberg & Ginsberg, LLC* v. *Alexandria Estates, LLC*, supra, 136 Conn. App. 515.

[3] This court's remand order was preceded by the following statement: "Key to making any decision in this case is a review of the deed of conveyance from [the defendant] to Alexandria Estates. If this deed made the conveyance subject to the Neubig-Dale Construction agreement, it bears on the issue as to whether the Neubig agreement is prior to the plaintiff's mortgage. This deed is not in the record before us. We are unable to review this matter without it, and the court could not properly determine priorities without this document." (Footnote omitted.) *Ginsberg & Ginsberg, LLC* v. *Alexandria Estates, LLC*, supra, 136 Conn. App. 516–17.

[4] The transcript of the remand hearing consists of seven pages.

[5] The original deed had been recorded without an attached legal descrip-

tion of the subject property. A correcting deed subsequently was recorded with the attached legal description of the subject property.

[6] We note that the defendant did not request that copies of any agreements or other deeds in the chain of title be marked as exhibits for identification during the remand hearing.

[7] We also note that the record is inadequate to review the defendant's second claim. The record is silent as to what Babbitz would have testified to, if permitted, regarding the alleged "defects [that] were found" in the title search. The defendant made no offer of proof regarding Babbitz' testimony. "The absence of an offer of proof may create a gap in the record that would invite inappropriate speculation on appeal about the possible substance of the excluded testimony." (Internal quotation marks omitted.) *Dinan* v. *Marchand*, 279 Conn. 558, 583, 903 A.2d 201 (2006).

[8] The defendant did not file a motion for reconsideration en banc with this court, nor did he file a petition for certification to appeal with our Supreme Court.

_____