******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

MADELINE G. FAZIO *v.* MICHAEL A. FAZIO
(AC 42635)

DiPentima, C. J., and Lavine and Bright, Js.

*Syllabus*

The plaintiff, whose marriage to the defendant previously had been dis-
solved, appealed to this court from the judgment of the trial court
granting the defendant's motion to modify or to terminate alimony.
Pursuant to article 3.2 (a) of the parties' separation agreement, which
had been incorporated into the dissolution judgment, the defendant was
required to pay the plaintiff unallocated alimony until, among other
things, the cohabitation of the plaintiff pursuant to statute (§ 46b-86
(b)), or May 31, 2013, whichever event occurred first. The trial court
concluded that the plaintiff was cohabitating with another person as
defined by § 46b-86 (b) and determined that article 3.2 (a) of the separa-
tion agreement was clear and unambiguous and that cohabitation
required the immediate termination of alimony. The plaintiff appealed
to this court, which reversed the trial court's judgment and ordered a
remand, concluding that article 3.2 (a) was ambiguous and that findings
of fact were necessary as to the parties' intent regarding whether that
article incorporated the remedial aspects of § 46b-86 (b). Thereafter, on
remand, the trial court, following an evidentiary hearing, determined
that the parties had intended that the plaintiff's cohabitation would
result in the immediate termination of her alimony under article 3.2 (a)
of the separation agreement, and, accordingly, it granted the defendant's
motion to modify or to terminate alimony and terminated his obligation
to pay alimony. *Held*:

1. The plaintiff could not prevail on her claim that the trial court erred by
   concluding that it was bound by the finding of cohabitation made by a
   prior judge in the case; the plaintiff did not challenge that finding in
   her prior appeal, and, after this court issued its remand order in that
   appeal, which was limited to the consideration of whether the parties
   had intended to incorporate the remedial aspects of § 46b-86 (b) into
   article 3.2 (a) of the separation agreement, the plaintiff no longer had
   the ability to raise the cohabitation finding as an issue on remand, and,
   therefore, the trial court properly construed the limited remand order
   and properly determined that it was bound by the unchallenged finding
   of cohabitation.

2. The plaintiff's claim that the trial court erred by failing to make a factual
   finding as to the parties' intent regarding whether article 3.2 (a) of the
   separation agreement incorporated the remedial aspects of § 46b-86 (b)
   was without merit: that court properly followed this court's remand
   order and, although it did not state specifically that the parties intended
   that the remedial aspects of § 46b-86 (b) would not apply if the plaintiff
   cohabitated, it was not required to do so; moreover, the court, on the
   basis of the evidence presented and its credibility determinations, prop-
   erly considered the intent of the parties in drafting article 3.2 (a) and
   concluded that they intended the immediate, nondiscretionary, termina-
   tion of alimony in the event of the plaintiff's cohabitation, and implicit
   in that finding is that the parties did not intend that the remedial aspects
   of § 46b-86 (b) would apply, and the plaintiff did not claim that the
   court's findings were clearly erroneous or unsupported by the evidence
   presented at the hearing on remand.

3. The plaintiff's claim that the trial court erred by exceeding the scope of
   the remand order in the prior appeal when it made unnecessary and
   binding factual findings concerning article 3.2 (b) of the separation
   agreement was unavailing, as that court's consideration of article 3.2
   (b) was for the limited purpose of ascertaining the parties' intent as to
   article 3.2 (a) and nothing more.

Argued May 11—officially released July 28, 2020

*Procedural History*

Action for the dissolution of a marriage, and for other

relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the court, *Hon. Stanley Novack*, judge trial referee, rendered judgment dissolving the marriage and granting certain other relief in accordance with the parties' separation agreement; thereafter, the court, *Emons, J.*, granted the defendant's motion to modify or to terminate alimony, and the plaintiff appealed to this court, *DiPentima, C. J.*, and *Prescott* and *Harper, Js.*, which reversed the trial court's judgment and remanded the matter for further proceedings; subsequently, the court, *Colin, J.*, granted the defendant's motion to modify or to terminate alimony, and the plaintiff appealed to this court. *Affirmed.*

*Joseph T. O'Connor*, for the appellant (plaintiff).

*Kevin F. Collins*, for the appellee (defendant).

*Opinion*

BRIGHT, J. The plaintiff, Madeline G. Fazio, appeals from the judgment of the trial court, *Colin*, *J.*, granting the motion filed by the defendant, Michael A. Fazio, to modify or to terminate his alimony obligation. On appeal, the plaintiff claims that the court erred by (1) holding that it was bound by the prior finding of the trial court, *Emons*, *J.*, of cohabitation pursuant to General Statutes § 46b-86 (b), (2) failing to make a factual finding as to the parties' intent regarding whether article 3.2 (a) of their separation agreement incorporated the remedial aspects of § 46b-86 (b), and (3) exceeding the scope of the remand order in the prior appeal of this case; see *Fazio* v. *Fazio*, 162 Conn. App. 236, 250–51, 131 A.3d 1162, cert. denied, 320 Conn. 922, 132 A.3d 1095 (2016) (*Fazio I*); by making factual findings that were contrary to the clear and unambiguous language of article 3.2 (b), essentially reforming that article of the agreement, when that article was not at issue. We affirm the judgment of the trial court.

The following facts and procedural history inform our review of the issues on appeal. "The parties were married on May 7, 1988, and they subsequently had three children.[1] On February 9, 2005, the plaintiff filed a marital dissolution action on the ground that the marriage had broken down irretrievably with no hope of reconciliation. On May 19, 2006, the court rendered judgment dissolving the parties' marriage. The judgment incorporated by reference a separation agreement that the parties had signed on May 18, 2006, and that the court found to be 'fair and equitable.'

"Article 3.2 (a) of the separation agreement provides in relevant part: 'Commencing on June 1, 2006, the [defendant] shall pay to the [plaintiff] unallocated alimony and child support in cash until the death of either party, the remarriage or cohabitation of the [plaintiff] pursuant to [§] 46b-86 (b) of the . . . General Statutes, or May 31, 2013, whichever event shall first occur . . . .' Article 3.2 (b) provides in relevant part: 'Commencing on June 1, 2013, the [defendant] shall pay to the [plaintiff] . . . unallocated alimony and child support in cash until the death of either party, the remarriage of the [plaintiff], or November 30, 2019 . . . .' Additionally, article 3.6 of the separation agreement provides: 'The [defendant's] obligation to pay alimony and support to the [plaintiff] pursuant to [a]rticle 3.2 shall be non-modifiable by either party as to the amount and duration, except (1) that the [defendant] shall have the right to seek a modification of [the] amount of alimony and support based on the [plaintiff's] earnings only in the event the [plaintiff] earns in excess of $100,000.00 gross per year and (2) the [plaintiff] shall have the right to seek a modification of the amount of alimony and support in the event the [defendant] is unemployed for a period of six months. The [plaintiff's]

right to seek child support shall not be precluded if the [defendant] is unemployed.'

"On July 5, 2012, the defendant filed a postjudgment motion to modify or to terminate unallocated alimony and child support pursuant to § 46b-86 (b)[2] on the ground that the plaintiff was cohabitating with another person. . . . The plaintiff subsequently filed a motion for contempt on the ground that the defendant had failed to pay unallocated alimony and child support as provided for in the separation agreement. After a hearing on the motions and the submission of posthearing briefs, [Judge Emons] denied the plaintiff's motion for contempt and granted the defendant's motion to modify or terminate unallocated alimony and child support. The court found that the plaintiff had been living with another person, Adam Monges, from December, 2011 to July, 2012, and that this living arrangement had changed the plaintiff's circumstances as to alter her financial needs because Monges had paid her between $300 and $350 per week. On the basis of those findings, the court concluded that the plaintiff was cohabitating with another person as defined by § 46b-86 (b)." (Footnotes added and omitted.) *Fazio I*, supra, 162 Conn. App. 238–40.

The court also determined that article 3.2 (a) of the separation agreement was clear and unambiguous, and that cohabitation would result in the immediate termination of alimony, and, accordingly, it terminated the defendant's obligation to pay alimony effective December, 2011, the month during which the plaintiff began cohabitating. Id., 240–42. The plaintiff appealed from the judgment, claiming that the court incorrectly had interpreted article 3.2 (a) of the separation agreement to require the immediate termination of alimony. Id., 242. She contended that the parties' incorporation of § 46b-86 (b) was to allow the court to exercise its remedial powers pursuant to § 46b-86 (b) and to consider other remedies, such as the temporary suspension or modification of alimony. Id., 242–43. The plaintiff, on appeal, did not mount a challenge to the court's determination that she had cohabitated as defined by § 46b-86 (b).

In *Fazio I*, this court concluded that article 3.2 (a) of the separation agreement was ambiguous and that findings of fact as to the parties' intent regarding whether article 3.2 (a) of the separation agreement incorporated the remedial aspects of § 46b-86 (b) were necessary, and we remanded the case to the trial court with direction "to determine the intent of the parties after consideration of all the available extrinsic evidence and the circumstances surrounding the entering of the agreement." Id., 250–51. On remand, the case was assigned to Judge Colin, who proceeded to hold an evidentiary hearing on the parties' intent in drafting article 3.2 (a). After considering the evidence presented,

the court held that the parties had intended, under article 3.2 (a), that alimony would terminate if the plaintiff cohabitated, and it granted the defendant's motion to modify or to terminate alimony, terminating the defendant's obligation to pay alimony, effective December, 2011. This appeal followed. Additional facts will be set forth as necessary.

I

The plaintiff claims that Judge Colin erred when he concluded that he was bound by the prior finding of cohabitation made by Judge Emons. She argues that, when this court reversed the judgment in *Fazio I*, it did not limit the issues on remand but, rather, it reversed Judge Emons' decision in toto. Accordingly, she argues, it does not matter that she did not challenge specifically Judge Emons' finding of cohabitation because she successfully obtained reversal of the entire judgment. We disagree.

"Determining the scope of a remand is a matter of law . . . [over which] our review is plenary." (Internal quotation marks omitted.) *State* v. *Tabone*, 301 Conn. 708, 713–14, 23 A.3d 689 (2011). "In carrying out a mandate of this court, the trial court is limited to the specific direction of the mandate as interpreted in light of the opinion. . . . This is the guiding principle that the trial court must observe. . . . Compliance means that the direction is not deviated from. The trial court cannot adjudicate rights and duties not within the scope of the remand. . . . It is the duty of the trial court on remand to comply strictly with the mandate of the appellate court according to its true intent and meaning. No judgment other than that directed or permitted by the reviewing court may be rendered, even though it may be one that the appellate court might have directed. The trial court should examine the mandate and the opinion of the reviewing court and proceed in conformity with the views expressed therein." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Wendland* v. *Ridgefield Construction Services, Inc.*, 190 Conn. 791, 794–95, 462 A.2d 1043 (1983).

In *Fazio I*, this court was called on, by the limited issue raised by the plaintiff in her appeal,[3] "to interpret a separation agreement incorporated into a dissolution judgment to determine whether the parties intended by their agreement that, in the event of cohabitation, alimony must be immediately and irrevocably terminated, or whether the parties intended that the court be permitted to exercise the equitable and remedial powers set forth in . . . § 46b-86 (b) to consider suspending or modifying alimony instead of irrevocably terminating it." *Fazio I*, supra, 162 Conn. App. 237. We then concluded that "the court [had been] required to make a finding of fact as to the parties' intent regarding whether article 3.2 (a) of the separation agreement incorporated the remedial aspects of § 46b-86 (b)," and

we remanded the case to the trial court with direction "to determine the intent of the parties after consideration of all the available extrinsic evidence and the circumstances surrounding the entering of the agreement." Id., 250–51.

A thorough examination of this court's opinion in *Fazio I* leads us to conclude that the remand order in that appeal was limited to the consideration of whether the parties had intended to incorporate into article 3.2 (a) of the separation agreement the remedial aspects of § 46b-86 (b). The opinion was clear in setting forth the scope of the remand order. This court did not order a new trial on the defendant's motion to modify or to terminate alimony.

Moreover, the plaintiff did not challenge in *Fazio I* Judge Emons' finding that she had cohabitated, which, certainly, was a finding necessary to the judgment. "It is well established that when a party brings a subsequent appeal, it cannot raise questions which were or could have been answered in its former appeals. See *Hartford National Bank & Trust Co.* v. *Tucker*, 195 Conn. 218, 222, 487 A.2d 528, cert. denied, 474 U.S. 845, 106 S. Ct. 135, 88 L. Ed. 2d 111 (1985). Failure to raise an issue in an initial appeal to this court constitutes a waiver of the right to bring the claim. *Hryniewicz* v. *Wilson*, 51 Conn. App. 440, 446, 722 A.2d 288 (1999). . . .

"Furthermore, the [trial] court, on remand, [is] bound by the law of the case doctrine. Underlying the law of the case doctrine is the view that [a] judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge. . . . The doctrine provides that [w]here a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance. . . . *Wasko* v. *Manella*, 87 Conn. App. 390, 395, 865 A.2d 1223 (2005). Intervening appellate proceedings, however, change the nature of this seemingly discretionary doctrine. [I]t is a well-recognized principle of law that the opinion of an appellate court, so far as it is applicable, establishes the law of the case upon a retrial, and is equally obligatory upon the parties to the action and upon the trial court." (Internal quotation marks omitted.) *Detar* v. *Coast Venture XXVX, Inc.*, 91 Conn. App. 263, 266–67, 880 A.2d 180 (2005).

The plaintiff did not challenge in the previous appeal Judge Emons' finding that she had cohabitated. The plaintiff briefed only one issue in that appeal, namely, whether the remedial aspects of § 46b-86 (b) applied to article 3.2 (a) of the separation agreement. After this court issued a limited remand order in *Fazio I*, the plaintiff no longer had the ability to raise the cohabitation finding as an issue on remand. The trial court prop-

erly construed the limited remand set forth in *Fazio I*, and it properly determined that it was bound by Judge Emons' unchallenged finding of cohabitation.

## II

The plaintiff next claims that the court "failed to make a factual finding as to the parties' intent regarding whether article 3.2 (a) of their agreement incorporated the remedial aspects of § 46b-86 (b)" but, instead, found that "the parties had intended that [the] court should be without discretion to deny the defendant's request for termination once the court found that the plaintiff lived with another person under circumstances [that] altered her financial needs." The defendant argues that "[t]he . . . court did make factual findings of the parties' intent regarding article 3.2 (a) thereby rendering the remedial aspects of § 46b-86 (b) . . . moot." We conclude that the court properly followed the remand order of this court, and it determined that the parties had intended for immediate termination of alimony if the plaintiff cohabitated.

"It is the duty of the trial court on remand to comply strictly with the mandate of [this] court according to its true intent and meaning. No judgment other than that directed or permitted by the reviewing court may be rendered, even though it may be one that [this] court might have directed. The trial court should examine the mandate and the opinion of the reviewing court and proceed in conformity with the views expressed therein." (Internal quotation marks omitted.) *Ginsberg & Ginsberg, LLC* v. *Alexandria Estates, LLC*, 149 Conn. App. 160, 165, 88 A.3d 1254 (2014). We exercise a plenary standard of review in determining whether the trial court has complied with the strict mandates of a remand order. See id., 165–66.

As explained in part I of this opinion, this court concluded in *Fazio I* that "the [trial] court [had been] required to make a finding of fact as to the parties' intent regarding whether article 3.2 (a) of the separation agreement incorporated the remedial aspects of § 46b-86 (b)," and we remanded the case to the trial court with direction "to determine the intent of the parties after consideration of all the available extrinsic evidence and the circumstances surrounding the entering of the agreement." *Fazio I*, supra, 162 Conn. App. 250–51.

On remand, Judge Colin held a hearing and considered the evidence presented by the parties. He specifically found that the defendant's testimony was credible and that the plaintiff's testimony was not credible. In his written decision, after discussing the evidence, he determined that the parties had intended that the plaintiff's cohabitation would result in the immediate termination of her alimony under article 3.2 (a) of the separation agreement. Although Judge Colin did not state

specifically that the parties intended that the remedial aspects of § 46b-86 (b) would not apply if the plaintiff cohabitated, he was not required to do so. Judge Colin, on the basis of the evidence presented, properly considered the intent of the parties in drafting article 3.2 (a), and he concluded that they intended the immediate, nondiscretionary, termination of alimony in the event of the plaintiff's cohabitation. Implicit in that finding is that the parties had no intent that the remedial aspects of § 46b-86 (b) would apply. Significantly, the plaintiff does not claim that Judge Colin's findings were clearly erroneous or unsupported by the evidence presented at the remand hearing. Accordingly, the plaintiff's claim has no merit.

### III

The plaintiff also claims that the court erred by exceeding the scope of the remand order in *Fazio I* when it made unnecessary and binding factual findings concerning article 3.2 (b) of the separation agreement. The defendant argues that the plaintiff's claim is illogical because the plaintiff testified, without objection, during the remand hearing, on the meaning of article 3.2 (b), and that she, therefore, did not object to the trial court's consideration of article 3.2 (b). We conclude that the court's consideration of article 3.2 (b) was for the limited purpose of finding the parties' intent as to article 3.2 (a) and nothing more.

We exercise a plenary standard of review in determining whether the trial court has complied with, or exceeded the scope of, our remand order. See, e.g., *Ginsberg & Ginsberg, LLC* v. *Alexandria Estates, LLC*, supra, 149 Conn. App. 165–66.

Article 3.2 (a) of the separation agreement provides in relevant part: "Commencing on June 1, 2006, the [defendant] shall pay to the [plaintiff] unallocated alimony and child support in cash until the death of either party, the remarriage or cohabitation of the [plaintiff] pursuant to [§] 46b-86 (b) . . . or May 31, 2013, whichever event shall first occur . . . ."

Article 3.2 (b) of the separation agreement provides in relevant part: "Commencing on June 1, 2013, the [defendant] shall pay to the [plaintiff] . . . unallocated alimony and child support in cash until the death of either party, the remarriage of the [plaintiff], or November 30, 2019 . . . ." According to the parties' separation agreement, unless a named event occurs, the first period of alimony, pursuant to article 3.2 (a), runs from June 1, 2006 to May 31, 2013, and the second period of alimony, pursuant to article 3.2 (b), runs from June 1, 2013 to November 30, 2019.

The plaintiff argues that Judge Emons terminated alimony only under article 3.2 (a) of the separation agreement and that article 3.2 (a) concerns only the first alimony period set forth in the agreement. She

further argues that Judge Colin, on remand in *Fazio I*, was ordered by this court to determine the intent of the parties regarding only article 3.2 (a) on the basis that article 3.2 (a) was ambiguous. She contends that Judge Colin did not limit himself to the dictates of the remand order but that he also substantively reformed the clear and unambiguous language of article 3.2 (b) by finding that the list of events resulting in the termination of alimony in that particular article, which concerns only the second period of alimony, contained "a typographical error," and that he then improperly terminated alimony for both periods. We disagree that the court terminated alimony for both periods.

In his April 25, 2014 posttrial brief to Judge Emons, in support of his motion to modify or to terminate alimony, the defendant specifically relied on the language of 3.2 (a) of the separation agreement, arguing: "Article III provides the terms for [a]limony and [s]upport and the [d]efendant, in the subject motion, *relies specifically on* [*article*] *3.2* (*a*) . . . ." (Emphasis added.) The defendant did not mention the second period of alimony under section 3.2 (b) of the parties' separation agreement. Judge Emons, in her decision, also did not mention the second period of alimony under article 3.2 (b) but, rather, held that the defendant's obligation to pay alimony was terminated because "the court must enforce [article] 3.2 (a) of the separation agreement effective December, 2011." In reviewing Judge Emons' decision, this court noted: "The plaintiff's sole claim on appeal is that the court improperly interpreted article 3.2 (a) of the separation agreement . . . ." *Fazio I*, supra, 162 Conn. App. 242.

Having thoroughly examined *Fazio I* and Judge Colin's decision on remand, we conclude that the statement in Judge Colin's decision regarding article 3.2 (b) of the separation agreement was meant only to aid the court in ascertaining the parties' intent in drafting article 3.2 (a), which this court in *Fazio I* had found to be ambiguous. Article 3.2 (b) was not at issue in the original trial court decision of Judge Emons. The construction of article 3.2 (b), including whether it is ambiguous, whether reformation is appropriate, or whether the plaintiff is entitled to alimony under it, was not raised before Judge Emons, was not before this court in *Fazio I*, was not before Judge Colin, and is not before this court presently.

The judgment is affirmed.

In the opinion the other judges concurred.

[1] The children all have reached the age of majority, and child support no longer is at issue.

[2] General Statutes § 46b-86 (b) provides: "In an action for divorce, dissolution of marriage, legal separation or annulment brought by a spouse, in which a final judgment has been entered providing for the payment of periodic alimony by one party to the other spouse, the Superior Court may, in its discretion and upon notice and hearing, modify such judgment and suspend, reduce or terminate the payment of periodic alimony upon a showing that the party receiving the periodic alimony is living with another person

under circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of that party. In the event that a final judgment incorporates a provision of an agreement in which the parties agree to circumstances, other than as provided in this subsection, under which alimony will be modified, including suspension, reduction, or termination of alimony, the court shall enforce the provision of such agreement and enter orders in accordance therewith."

[3] This court explained: "The plaintiff's sole claim on appeal is that the court improperly interpreted article 3.2 (a) of the separation agreement to require termination in the event that the plaintiff cohabitated with another person, rather than to allow the court to exercise its remedial powers pursuant to § 46b-86 (b) and consider other remedies such as the temporary suspension or modification of alimony." *Fazio I*, supra, 162 Conn. App. 242. We also explained that "[t]he plaintiff [did] not challenge the court's determination that she cohabitated as defined by § 46b-86 (b)." Id., 240 n.2.